UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
MAR 16 2016
PRO SE OFFICE

| | |
|---|---|
| SPERDUTO JOSEPH<br>  Plaintiff<br><br>vs<br><br>IC SYSTEM<br>  Defendant | ) <br> ) <br> ) <br> ) Case No. CV-16  1338<br> ) <br> ) <br> ) Judge _____ AMON, CH.J.<br> ) <br> ) <br> ) <br> )                    BLOOM, M.J.<br> ) Trial by Jury Demanded |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Sperduto Joseph, a natural person, who resides in Kings County, New York.

4. The Defendant in this lawsuit is IC SYSTEM an unknown entity with offices at 444 Highway 96 East St. Paul, MN 55164.

### VENUE

5. The occurrences which give rise to this action occurred in Kings County, NY and Plaintiff resides in Kings County, NY.

1

6. Venue is proper in the EASTERN DISTRICT OF NEW YORK.

## GENERAL ALLEGATIONS

7. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his consent.

9. Plaintiff found after examination of his TRANS UNION consumer credit report that Defendant IC SYSTEM had pulled Plaintiff's TRANS UNION consumer credit report on February 05, 2015.

10. Discovery of violation brought forth herein occurred in January 2015 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT IC SYSTEMS

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TRANS UNION is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant IC SYSTEM.

18. At no time did Plaintiff give his consent for Defendant IC SYSTEM, to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

> (2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. On Feb 10, 2014 Defendant IC SYSTEMS obtained the TRANS UNION consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account IC SYSTEM could claim to have with his and is positive he had no account with IC

SYSTEM, which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant IC SYSTEM obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, IC SYSTEM for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 03/15/2016

Respectfully submitted

*Sperduto Joseph*

Sperduto Joseph

Mailing address:

110-01 34th Avenue

Corona, NY 11368

Josephsperduto1968@gmail.com

SERVICE TO:
IC SYSTEMS
444 Highway 96 EAST
St. Paul, MN 55164

4